IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DWAYNE HARRIS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 322-017 |
| | ) |
| SUPERIOR COURT OF WALTON COUNTY, | ) ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Dwayne Harris, Jr., brings the above-styled petition for a writ of habeas corpus against the Superior Court of Walton County and seeks permission to proceed *in forma pauperis* ("IFP"). Although Petitioner suggests his claims are brought pursuant to 28 U.S.C. § 2241, the petition is actually a request for relief pursuant to 28 U.S.C. § 2254.

The label placed on the petition by Petitioner does not prevent the Court from considering the filing for what the substance shows it to be, namely a request for relief pursuant to 28 U.S.C. § 2254. Indeed, the Court may look beyond the title of a document to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief

Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

An examination of the instant petition shows that it is a request for the type of relief afforded by 28 U.S.C. § 2254. According to the relevant provisions of § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Here, there is no question that Petitioner is "in custody pursuant to the judgment of a State Court." Nor is there any question that he is attempting to attack the underlying basis of his convictions that led to his current incarceration.

Indeed, on the same date Petitioner filed the instant petition, he simultaneously filed a petition pursuant to 28 U.S.C. § 2254. See Harris v. Superior Ct. of Walton Cty., CV 322-019, doc. no. 1 (S.D. Ga. Mar. 3, 2022.) (hereinafter "CV 322-019")[1] It is unclear whether Petitioner is attempting to circumvent the gatekeeping provision of AEDPA that bans petitioners from filing second or successive petitions for habeas corpus relief in the district courts. See 28 U.S.C. § 2244(b)(3)(A). However, the Eleventh Circuit has addressed the practice of state prisoners attempting to use § 2241 to circumvent the more restrictive requirements of § 2254:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003); see also Cook v. New York State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003) (recognizing merely invoking § 2241 in title of document does not "require the district court to treat it as a section 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." (citation omitted)).

Accordingly, the Court will treat Petitioner's instant application for habeas corpus relief as one filed pursuant to § 2254. The petition challenges a judgment of conviction entered in the Superior Court of Walton County, which is located in the Middle District of Georgia. It is the practice of this Court to transfer an action attacking a conviction to the District in which the original criminal proceedings were conducted. See 28 U.S.C. § 2241(d). However, the Court has already transferred a petition filed under § 2254 by Petitioner to the Middle District. See CV 322-019, doc. no. 3. As Petitioner cannot have two distinct petitions under § 2254 pending, the Court **REPORTS** and **RECOMMENDS** the instant petition be **DISMISSED** without prejudice, Petitioner's motion to proceed IFP be **GRANTED**, (doc. no. 2), and this civil action be **CLOSED**. If Petitioner wants to pursue the grounds raised in the instant petition, he should do so by seeking to amend the petition

3

the Court just transferred to the Middle District.

SO REPORTED and RECOMMENDED this 3rd day of March, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA